UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LITTLETON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO, CALIFORNIA, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-0400-KJM-CKD PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff's pro se complaint filed on March 3, 2023, is before the court for screening. (ECF No. 1.) This matter is referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

　　　　Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915. The motion to proceed in forma pauperis is granted. However, the complaint fails to state a claim and amendment on the facts and legal theories it contains would be futile. Given the defects in the complaint, the undersigned recommends this action be dismissed without leave to amend.

**I.　　SCREENING REQUIREMENT**

　　　　Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

1

1  claim on which relief may be granted," or "seeks monetary relief against a defendant who is
2  immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27
3  (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
5  court accepts as true the factual allegations contained in the complaint, unless they are clearly
6  baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff.
7  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d
8  954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

9       Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines
10 v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory
11 allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council
12 v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of
13 action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57
14 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

15      To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
16 state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial
17 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
18 inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se
19 litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend
20 unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809
21 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v.
22 Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

23     **II.**    **THE COMPLAINT FAILS TO STATE A CLAIM**
24         **A.**    **Plaintiff's Allegations**

25      Plaintiff has filed numerous court cases about crooked non-governmental organizations
26 that are torturing him, controlling him, and setting him up to be framed for crimes, but his claims
27 are being blocked. (ECF No. 1 at 3, 5.) All his letters come back with either an automated answer
28 or telling him what he did wrong. (Id. at 4.) Plaintiff alleges, "I am a slave to these people

because they turned me into a robot chip reader in my ear" to "read all my thoughts invade my privacy expose my personal life." (Id. at 3.) And further, plaintiff is "terrorize[d ] with devil worshipers" as a form of punishment because he is a drug user. (Id. at 5).

The complaint, which is presented on a civil rights complaint form, indicates plaintiff intends to bring a retaliation claim under the First Amendment. (ECF No. 1 at 3.) The named defendants are "Sacramento County" (or "Sacramento Residents") and "Internet Scammers." (Id. at 1-2.)

### B.     Requirements of Federal Rule of Civil Procedure, Rule 8

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Here, plaintiff's complaint does not contain a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2). The complaint does not identify specific defendants who are alleged to have engaged in conduct that violated plaintiff's rights. The complaint must be dismissed because it does not contain sufficient factual content to allow the court to draw the reasonable inference that a defendant has violated plaintiff's constitutional rights.

### C.     Civil Rights Claims under 42 U.S.C. § 1983

First, the complaint fails to plausibly allege that a constitutional or other federal right of plaintiff's has allegedly been infringed, as required to state a claim under 42 U.S.C. § 1983. See Albright v. Oliver, 510 U.S. 266, 271 (1994). Although plaintiff wants to bring a retaliation claim under the First Amendment, the facts alleged do not plausibly describe a First Amendment violation and could not be amended to do so.

To recover under 42 U.S.C. § 1983 for retaliation against an individual for that individual's exercise of freedom of speech, a plaintiff must prove: (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770

(9th Cir. 2006). Here, the complaint contains no discernable factual allegations in support of a claim that plaintiff's First Amendment rights were infringed. Plaintiff's use of the label "retaliation" is not sufficient to state a claim. See Twombly, 550 U.S. at 555-557 ("naked assertions" and "labels and conclusions" fail to state a claim).

Second, the complaint fails to allege a right secured by the Constitution or laws of the United States was violated by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Private action, no matter how wrongful, is not actionable under § 1983. See Holly v. Scott, 434 F.3d 287, 291-92 (4th Cir. 2006); Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Here, the complaint does not allege any conduct by a defendant who acted under color of state law. Plaintiff's inclusion of "Sacramento County" as a defendant in the caption page, without any factual allegations against that local government entity, does not plausibly allege state action. Moreover, plaintiff cannot proceed in a civil rights action against "Sacramento Residents" or "Internet Scammers."

For all these reasons, the complaint is based on an indisputably meritless legal theory. In addition, the factual contentions are baseless, at least as far as plaintiff's federal rights are concerned. See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III.    CONCLUSION, ORDER AND RECOMMENDATION

The complaint fails to state a claim. Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a); see Lucas v. Dep't of Corrs., 66 F.3d 245, 248 (9th Cir. 1995). The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Given the defects noted herein, granting leave to amend would be futile in this instance.

In accordance with the above, IT IS ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

In addition, IT IS RECOMMENDED:

1. Plaintiff's complaint (ECF No. 1) be dismissed without leave to amend for failure to state a claim.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 24, 2023

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Littleton.23cv400.scrn.fr

5